**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4321**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

OMAR CORDERO WASHINGTON,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:07-cr-00736-DCN-1)

———————

Submitted:  August 18, 2008     Decided:  September 25, 2008

———————

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Cordero Washington pled guilty without a plea agreement to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). Because of a prior felony drug conviction, Washington was statutorily subject to a minimum term of imprisonment of ten years. See 21 U.S.C. § 841(b)(1)(B) (2000).[1] Washington was sentenced to 120 months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Washington was advised of his right to file a pro se supplemental brief, but did not file such a brief. We affirm.

In the Anders brief, counsel first questions whether the district court complied with Fed. R. Crim. P. 11 but concludes that it did. Our review of the transcript of Washington's arraignment discloses full compliance with the Rule. Further, the transcript reveals that Washington entered his guilty plea intelligently, voluntarily and knowingly, with a full understanding of the consequences of his plea.

---

[1]The United States notified Washington in accordance with 21 U.S.C. § 851 (2000) of its intent to seek the enhanced penalty based on Washington's 2006 state conviction for a felony drug offense.

Counsel also contends that the statutory minimum sentences set forth in § 841(b) violate the Fifth and Eighth Amendments because of the disparity between sentences for offenses involving crack cocaine and those involving powder cocaine. As counsel acknowledges, this court has previously rejected similar challenges. See United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995); United States v. D'Anjou, 16 F.3d 604, 613-14 (4th Cir. 1994).

Finally, counsel questions whether the 120-month sentence is reasonable. We review a criminal sentence for reasonableness, using the abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594-97 (2007). Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

Here, the district court correctly calculated Washington's advisory Guidelines range of 120 months,[2] considered that range in conjunction with the factors set forth at 18 U.S.C. § 3553(a) (West 2000 & Supp. 2008), and adequately explained its reason for imposing sentence. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We recently held that "a

---

[2]Washington's Guidelines range as initially calculated was 46-57 months, reflecting a total offense level of 21 and a criminal history category of III. However, because he was statutorily subject to ten years in prison, the advisory Guidelines range became 120 months. See U.S. Sentencing Guidelines Manual § 5G1.1(b) (2007).

3

statutorily required sentence is per se reasonable." <u>United States v. Farrior</u>, 2008 WL 2971779, at *10 (4th Cir. Aug. 5, 2008) (No. 07-4498). Additionally, the Supreme Court has stated that, even after recent Guidelines amendments reducing the base offense levels for crack offenses, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 573 (2007). On the basis of these authorities, we conclude that Washington's sentence is reasonable.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and we find no meritorious issues for appeal. Accordingly, we affirm. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4